UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VIRGIL T. TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:05-CV-65 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 10], and the defendant's motion for summary judgment. [Doc. 15]. Plaintiff Virgil T. Terry seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

> 1. The claimant met the nondisability requirements for a period of disability and disability insurance benefits, as set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's history of traumatic amputation of the DIP joint of left index finger resulting in surgical correction; mild diffuse osteoarthritis; diabetes mellitus; shortness of breath (COPD) secondary to tobacco abuse (smokes one pack a day for 40 years); onychomycosis of both great toes; history of benign cystic mass on right side of neck; allergic rhinitis, and bursitis in left shoulder are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform a range of medium exertion, provided he avoid use of his left arm for significant lifting or carrying. However, he should tolerate all other work related activities in this regard since he has full and unrestricted use of his dominant right upper extremity. He is precluded from working around dusty conditions, temperature extremes, and high humidity due to pulmonary irritates [sic: irritants]. These combined exertional and nonexertional limitations are commensurate with a residual functional capacity for a reduced range of medium work.

7. The claimant's past relevnat work as a service technician for automobiles did not require the performance of work-related activities precluded by his residual functional capacity (20 C.F.R. § 404.1565).

> 8. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(g)).

(Tr. 23).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir.1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff, who was 59 years old at the time of the ALJ's decision, has an eighth grade education and past work experience as an automobile service technician, a construction laborer, and a mechanic. He alleges that he became disabled on January 14, 2003, due to diabetes, emphysema, asthma, and acid reflux. (Tr. 17, 69, 83).

3

Plaintiff argues that substantial evidence did not support the ALJ's residual functional capacity ("RFC") finding that he could perform a range of medium work. Two consultative physical examinations of the plaintiff were performed: one in March 2003 by Dr. Kidd and one by Dr. Summers in March 2004. Plaintiff argues that Dr. Kidd's opinion was based on a clinical examination without any testing, that the only medical records available to him were from treating physicians dated December 2001 to December 12, 2002, and that the consultative examination was performed a year before the hearing. With respect to Dr. Summers' March 2004 examination, plaintiff argues that Dr. Summers found that he "should tolerate sedentary and low level exertional activities in stable working environments." (Tr. 190). Dr. Summers, who found chronic left shoulder pain and a restricted range of motion, determined that it was reasonable to expect that plaintiff would "have difficulty with pushing/pulling and lifting/carrying greater than 10 lbs (with the left arm) as well as elevating his left arm overhead on a repetitive basis" and also found plaintiff was limited in lifting only 20 to 25 pounds, less than required by medium work. (Tr. 191, 198). Plaintiff notes that his problems with shortness of breath, identified as early as December 2001, were confirmed by Dr. Summers, but were not acknowledged by Dr. Kidd. Specifically, Dr. Summers, through objective testing and observation, found chronic obstructive pulmonary disease ("COPD"), wheezes, and an abnormal pulmonary function study. He limited plaintiff environmentally to avoiding temperature extremes, dust, humidity/wetness and fumes, odors, chemicals, and gases. Plaintiff insists that the ALJ did not explain why he disregarded portions of Dr. Summers' findings, which imposed restrictions consistent with the findings.

Next, plaintiff contends that substantial evidence does not support the ALJ's finding that he could perform his past relevant work, arguing that the ALJ erroneously labeled his past relevant work as a "service technician" for automobiles. The plaintiff maintains that the vocational expert ("VE") identified the position as a "tech lube" job which was semi-skilled at the medium level, rising occasionally to the heavy level based on the weight of tires. (Tr. 230). Plaintiff insists that the record does not establish the physical requirements of his past work pursuant to the Dictionary of Occupational Titles ("DOT") and maintains that the VE did not testify that he could return to his previous position as a tech lube. (Tr. 22). Furthermore, plaintiff insists that it was error for the ALJ to not apply the Grid for ages 59 and 60, arguing that plaintiff was less than a month from age 60 at the time of the hearing and was 60 when the ALJ issued his decision. (Tr. 233).

Lastly, plaintiff argues that the ALJ erred in his credibility determination, arguing that the ALJ must do more than to discredit the plaintiff because he does not follow medical instructions. Plaintiff maintains that continuing to smoke does not <u>per se</u> disqualify a claimant for disability, as there was no finding that plaintiff was actually able mentally and physically to stop smoking and/or that a prescribed treatment of smoking cessation would restore his activity to work. Furthermore, plaintiff contends that the ALJ blamed him for his inability to receive adequate medical care, although he had no money to do so, and that it was not logical to equate the cost of a pack of cigarettes a day to the cost of seeing a physician.

The Commissioner asserts that the ALJ's RFC finding that plaintiff could perform a range of medium exertion work that allowed him to avoid using his left arm for significant

5

lifting or carrying, and did not require exposure to pulmonary irritants, such as dust, temperature extremes, and high humidity is consistent with the opinions and findings of plaintiff's treating and examining physicians. (Tr. 22). First, Dr. Wood, plaintiff's treating physician, found that plaintiff's shoulder condition responded well to injections and exercise and that when plaintiff complied with his shoulder exercise regimen, he achieved excellent results. In fact, the Commissioner notes that in January 2004, Dr. Wood found that plaintiff's left shoulder symptoms had resolved entirely with treatment. (Tr. 155, 157, 160-62). Similarly, Dr. Wood found that when plaintiff followed his treatment regimen of oral medication and diabetic diet, his diabetes remained under good control. (Tr. 152-53, 157, 160-61). The Commissioner maintains that Dr. Wood placed no restrictions on plaintiff's functioning due to his impairments and did not find that plaintiff was disabled and that no other treating physician restricted plaintiff's functioning or found him disabled.

Moreover, the Commissioner insists that contrary to the plaintiff's assertions, the opinions of examining physicians Drs. Kidd and Summers support the ALJ's decision. Dr. Kidd in March 2003 noted normal medical findings regarding the plaintiff: normal strength; normal abilities to walk, stand, and sit; normal ranges of shoulder motion; and normal respiratory functioning. (Tr. 146-50). Consequently, Dr. Kidd assessed no limitations of plaintiff's functioning when he completed an assessment of his abilities in December 2003. (Tr. 142-45). Similarly, when Dr. Summers examined plaintiff in March 2004, he found normal strength in all muscle groups, normal muscle tone and bulk, normal reflexes, normal sensory responses; normal gait; and normal abilities to stand, squat, and balance. (Tr. 188-91). Furthermore, Dr.

6

Summers noted no signs of end organ damage from his diabetes and his gastrointestinal examination was normal, which indicated that both had been managed with fair to good results by medication. Id. Although plaintiff had mild to moderate COPD from 40 years of smoking, he never required hospitalization for this condition, never used supplemental oxygen, and despite physicians' recommendations, continued to smoke. (Tr. 118, 120, 167, 169, 188, 190). Accordingly, Dr. Summers concluded that plaintiff was able to lift 25 pounds occasionally and 20 pounds frequently; stand and walk about 6 hours in an 8-hour workday and sit without restriction; was able to perform postural activities, such as climbing, balancing, kneeling, crouching, crawling, and stooping; had limited reaching ability in his left arm, which was based on left shoulder impingement with decreased range of motion; was able to see, hear, and speak without limitation, and had environmental limitations against temperature extremes, dust, humidity, wetness, fumes, odors, chemicals, and gases, which was based on COPD with wheezing and an abnormal pulmonary function study; and his ability to push and pull with his left shoulder was limited to an unspecified degree. (Tr. 198-200). Thus, the Commissioner contends that the ALJ accepted Dr. Summers' restrictions, with the exception of the lifting restriction to 25 pounds. (Tr. 22).

Although plaintiff argues that the ALJ should have given more weight to the opinion of Dr. Summers that he was limited to sedentary work, the Commissioner maintains that Dr. Summers' opinion is at odds with his objective medical findings on the same day that plaintiff had no restrictions of his muscle strength and his opinion on the medical assessment form that plaintiff could lift up to 25 pounds. (Tr. 190, 198). The Commissioner maintains that

7

the ALJ was entitled to give less weight to Dr. Summers's sedentary work opinion, as it was poorly supported by Dr. Summers' own objective medical findings and opinions and was inconsistent with the opinions and findings of Drs. Kidd and Wood. Both Dr. Kidd and Dr. Summers found no signs of weakness or atrophy in any of plaintiff's muscles and that Dr. Kidd concluded that plaintiff had no limitations in his ability to lift. Thus, the Commissioner insists that the ALJ reasonably concluded that plaintiff was able to lift up to 50 pounds, instead of only 25 pounds. (Tr. 142, 149, 190).

Next, although plaintiff contends that the ALJ mischaracterized his job when he called it an automobile service technician, the Commissioner points out that plaintiff himself referred to the job as a service technician, noting that he changed oil in cars and trucks, mounted tires, fixed flat tires, vacuumed cars, and lubed cars and trucks. (Tr. 91-92). He notes that the heaviest weight he lifted was 50 pounds and that he frequently lifted less than 10 pounds. (Tr. 92). He walked, stood, and sat for 6 to 8 hours throughout the workday. (Tr. 22, 91). Plaintiff's description of his job as a service technician is consistent with the ALJ's conclusion that this job accommodated plaintiff's ability to perform medium work activities that avoided significant lifting and carrying with his left arm.

Furthermore, the Commissioner points out that plaintiff did not stop working at this job because of any physical impairment, but rather, because he was fired for buying four tires. (Tr. 217-19). She notes that this testimony contradicts his allegation that he stopped working because he became disabled in January 2003. (Tr. 50). Furthermore, his testimony confirms that he was able to work as an automotive service technician despite his respiratory

8

conditions.[1]  She points out that plaintiff testified that he had problems with coughing and respiratory functioning since 1995, including while he was working as an automobile service technician. (Tr. 224).  Furthermore, plaintiff continued to smoke throughout the period in question, despite his physicians' recommendations to quit. (Tr. 118, 120, 167, 169). Thus, the ALJ reasonably concluded that plaintiff retained the capacity to perform his past relevant work, despite his respiratory condition.

Finally, although plaintiff argues that he would be disabled at Step 5, based on his age and a finding of light or sedentary work restrictions, the Commissioner insists that because the ALJ concluded at Step 4 that he could return to his past relevant work as an automobile service technician, the Grid is not applicable in this case.   Moreover, the Commissioner contends that plaintiff would not be found disabled given a medium work capacity under the Grid.

In light of the foregoing, I find the Commissioner's arguments persuasive.   I agree with the ALJ that the objective medical evidence was inconsistent with plaintiff's claims of disability. (Tr. 38)  20 C.F.R. § 404.1529(c)(2).  The ALJ noted, plaintiff failed to heed medical recommendations to follow a diabetic diet and to quit smoking.  Dr. Wood, plaintiff's treating physician, noted that when plaintiff complied with prescribed treatment for his shoulder and his diabetes, he achieved good results.  20 C.F.R. § 404.1529 (ALJ is required to consider

---

[1] The Commissioner point out that the Dictionary of Occupational Titles confirms that an automobile lubrication servicer (915.687-018) does not require exposure to pulmonary irritants, such as temperature extremes, dust, or high humidity. Thus, the Commissioner maintains that the ALJ reasonably concluded that plaintiff's respiratory limitations would not preclude him from returning to this job.

9

prescribed treatment in evaluating a claimant's ability to perform work-related activities); Jones v. Commissioner of Social Security, 336 F.3d 469, 476 (6th Cir. 2003) (ALJ's credibility finding is entitled to substantial deference because of the ALJ's unique opportunity to observe the plaintiff and to judge his subjective complaints); Awad v. Secretary of Health and Human Services, 734 F.2d 288, 290 (6th Cir. 1984) (failure to follow prescribed treatment may be cause for denying benefits and reasonably may undermine a claimant's credibility regarding the extent of his impairments.) Furthermore, I find that the ALJ reasonably relied on the opinions of consulting physicians Dr. Kidd, who found few limitations, and Dr. Summers as support for his RFC finding. Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (written report of a consultant physician who has examined the claimant can constitute substantial evidence). Accordingly, I find that substantial evidence on the record as a whole supports the ALJ's decision. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how they affect his RFC).

      Lastly, I find no merit to the plaintiff's argument regarding the VE's description of his past job as an automobile service technician because as the Commissioner points out, the plaintiff himself referred to his past job by the same title (Tr. 92) and no merit to plaintiff's argument regarding the applicability of the Grid, which is only used at Step 5, because this case was decided at Step 4. See 20 C.F.R. § 404.1520(e).

10

In light of the foregoing, it is hereby **RECOMMENDED**[2] that the plaintiff's motion for summary judgment [Doc. 10] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 15] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

11